# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ashley Jones

### DEFENDANTS
Children's Hospital of Philadelphia

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: ___
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [x] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 12101, et seq.

Brief description of cause:
Disability discrimination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ ___

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE ___   DOCKET NUMBER ___

DATE: 10/22/2025

SIGNATURE OF ATTORNEY OF RECORD: *William P. Mansour*

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: __3401 Civic Center Blvd., Philadelphia, PA 19104__

---

***RELATED CASE IF ANY:***   Case Number:_____   Judge:_____

1. Does this case involve property included in an earlier numbered suit?    Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?    Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?    Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?    Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?    Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief   *see certification below*
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒   Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐   None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Ashley Jones | : | CIVIL ACTION |
| v. | : | |
| Children's Hospital of Philadelphia | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (x)

| | | |
|---|---|---|
| 10/22/2025 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHLEY JONES, | ) |
| Plaintiff, | ) No. _____ |
| v. | ) |
| CHILDREN'S HOSPITAL OF PHILADELPHIA, | ) CIVIL ACTION – LAW |
| Defendant. | ) |

## COMPLAINT

NOW COMES, ASHLEY JONES ("Plaintiff"), by and through her undersigned counsel, who hereby complains against CHILDREN'S HOSPITAL OF PHILADELPHIA ("Defendant") as follows:

## INTRODUCTION

1. This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101(e), *et seq.* (ADA). the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq.* (FMLA), and the Pennsylvania Human Relations Act, 43 P.S. § 951, *et seq.* (PHRA). Specifically, as set forth in more detail herein, Defendant violated the above statutes when it discharged Plaintiff shortly after she applied and was approved for FMLA leave due to a qualifying disability.

## PARTIES

2. Plaintiff is an adult female individual currently residing in Philadelphia, Pennsylvania.

3. Defendant is a nationally-renowned children's hospital. Its principal place of business is located at 3401 Civic Center Blvd., Philadelphia, PA 19104. At all times relevant and

material hereto, Defendant employed at least 15 employees for at least 20 working weeks in 2023 and 2024.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of Plaintiff's ADA and FMLA claims under 28 U.S.C. § 1331 because such claims arise under the laws of the United States.

5. This Court has jurisdiction over the subject matter of Plaintiff's PHRA claims under 28 U.S.C. § 1367 because such claims form part of the same case or controversy as Plaintiff's ADA claims.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(1)-(2) because Defendant regularly conducts business within this district and because the events giving rise to Plaintiff's causes of action arose in this district.

7. On October 1, 2024, Plaintiff filed a Charge of Discrimination against Defendant with the U.S. Equal Employment Opportunity Commission (EEOC), which was dual-filed with the Pennsylvania Human Relations Commission (PHRC), alleging disability discrimination and retaliation relating to her discharge.

8. On July 30, 2025, the EEOC issued Plaintiff a Dismissal and Notice of Rights relative to her Charge, a true and correct copy of which is attached hereto as **EXHIBIT A.**

9. One (1) year has passed since Plaintiff dual-filed her Charge with the PHRC.

10. Plaintiff has satisfied all other conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

11. In or around January 2015, Defendant hired Plaintiff as a full-time Office Coordinator. In November 2022, Defendant promoted Plaintiff to the position of Business

Manager. About six (6) months later, Defendant changed Plaintiff's job title to "Practice Business Manager," although her job duties remained the same.

12. In or around December 2023, Plaintiff was diagnosed with anxiety disorder. When active, Plaintiff's anxiety disorder substantially limits her ability to breathe, think, and concentrate.

13. On several occasions prior to February 2024, Plaintiff verbally informed Eileen Drames (Administrative Director) that her current role did not align with her career objectives and that working with Emily Seiler (Practice Operations Business Manager) was causing her a great deal of stress and exacerbating her anxiety disorder. Plaintiff also informed Ms. Drames that, because of these issues, she intended on applying for different positions with Defendant.

14. On or about February 15, 2024, Ms. Seiler and Ms. Drames conducted a "mid-year" review of Plaintiff's job performance. During this meeting, Plaintiff related to Ms. Seiler and Ms. Drames that her current role was not aligning with her career goals and was exacerbating her anxiety disorder.

15. Later in the meeting, Ms. Seiler told Plaintiff that she noticed she was making "little mistakes" while performing her job, Ms. Seiler and Ms. Drames then informed Plaintiff that they would be evaluating Plaintiff's job performance "over the next 4-6 weeks." If Plaintiff's job performance did not improve over that time, she could possibly be placed on a Performance Improvement Plan (PIP).

16. Less than two (2) weeks later, on March 11, 2024, Ms. Seiler placed Plaintiff on a PIP, allegedly as a result of an undisclosed "mistake" Plaintiff made on or about March 8, 2024. Ms. Seiler told Plaintiff that the PIP would last sixty (60) days and that her progress would be assessed after thirty (30) days.

17. Plaintiff and Ms. Seiler had weekly "check-in" meetings to assess Plaintiff's progress under the PIP. During one of these meetings in the last week of March 2024, Plaintiff told Ms. Seiler that she was dealing with "family issues," including her dying aunt, that was aggravating her feelings of anxiety. But Plaintiff assured Ms. Seiler that she was still working towards her goals under the PIP.

18. The thirty (30) day check-in for Plaintiff's PIP was scheduled for April 11, 2024.

19. On April 2, 2024, as a result of her increasing anxiety, Plaintiff applied for FMLA leave through Defendant's third-party administrator, Sedgwick.

20. On April 4, 2024, Sedgwick informed Plaintiff that her FMLA leave request was approved and that she can begin her leave on April 5, 2024.

21. On that same day, Sedgwick notified Ms. Seiler via email that Plaintiff's FMLA leave request was approved starting April 5, 2024.

22. Later that same day, around 3:30 p.m., Ms. Seiler called Plaintiff into her office. Also present was Ms. Drames. Ms. Seiler informed Plaintiff that she was being terminated effective immediately due to alleged performance issues, even though she had not yet completed the first 30 days of her PIP. When Plaintiff asked Ms. Seiler and Ms. Drames why she was being discharged despite only being on her PIP for three (3) weeks, they gave her no response.

## COUNT I

**DISCRIMINATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 12112(a),
THE AMERICANS WITH DISABILITIES ACT OF 1990**

23. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

24. At all times relevant and material hereto, Plaintiff's suffered from anxiety disorder, of which Defendant was aware.

25. At all times relevant and material hereto, Plaintiff was able to perform, and did perform, the essential functions of her job without a reasonable accommodation.

26. On April 2, 2024, Plaintiff applied for FMLA leave because family issues were aggravating her disability (*i.e.* her anxiety disorder).

27. On April 4, 2024, Plaintiff's FMLA leave request was approved and took effect on April 5, 2024.

28. On April 4, 2024, after the approval of her FMLA leave, Plaintiff was discharged for alleged performance issues.

29. At the time of Plaintiff's discharge, Defendant, by and through Ms. Seiler, had knowledge of Plaintiff's disability and her request for FMLA leave.

30. Defendant discharged Plaintiff because of her disability and her need for medical leave related to that disability.

31. Shortly after discharging Plaintiff, Defendant replaced her with a non-disabled employee who did not request or require any disability-related workplace accommodations.

32. As a direct and proximate result of her discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

33. As a direct and proximate result of her discharge, Plaintiff suffered significant emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and financial insecurity.

34. By discharging Plaintiff under the circumstances alleged herein, Defendant acted intentionally with the purpose of denying Plaintiff her rights under federal law or recklessly with conscious disregard for Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff Ashley Jones respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. All back pay from April 5, 2024 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Compensatory damages in an amount to be determined at trial;

    d. Punitive damages in an amount to be determined at trial;

    e. All costs and reasonable attorney's fees; and

    f. Any other relief deemed proper and just.

## COUNT II

**INTERFERENCE WITH RIGHTS IN VIOLATION OF 29 U.S.C. § 2615(a)(1), THE FAMILY MEDICAL LEAVE ACT**

35. Plaintiff incorporates by reference all preceding allegations as if same were set forth more fully at length herein.

36. Plaintiff's anxiety disorder was a serious medical condition that her FMLA leave was meant to help manage.

37. On the same day Plaintiff was approved for FMLA leave, Defendant also discharged her.

38. Defendant discharged Plaintiff because it did not want to provide her with FMLA leave.

39. As a direct and proximate result of her discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

40. By discharging Plaintiff under the circumstances alleged herein, Defendant acted intentionally with the purpose of denying Plaintiff her rights under federal law or recklessly with conscious disregard for Plaintiff's rights under federal law.

**WHEREFORE**, Plaintiff Ashley Jones respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

a. All back pay from April 5, 2024 through the date of judgment, plus pre- and post-judgment interest;

b. Front pay from the date of judgment through a date deemed equitable and just by the court;

c. Compensatory damages in an amount to be determined at trial;

d. Punitive damages in an amount to be determined at trial;

e. All costs and reasonable attorney's fees; and

f. Any other relief deemed proper and just.

## COUNT III

**RETALIATORY DISCHARGE IN VIOLATION OF 42 U.S.C. § 12203(a),
THE AMERICANS WITH DISABILITIES ACT OF 1990**

41. Plaintiff incorporates by reference all preceding allegations as if the same were set forth more fully at length herein.

42. Plaintiff's request for FMLA leave for her anxiety disorder constituted a request by Plaintiff for a reasonable workplace accommodation.

43. Plaintiff's request for a reasonable accommodation constitutes "protected activity" under the ADA.

44. On April 4, 2024, the day that Plaintiff was approved for FMLA leave, Defendant, by and through Emily Seiler and Eileen Drames, discharged Plaintiff because of alleged performance issues.

45. Defendant discharged Plaintiff because she requested a reasonable workplace accommodation for her disability.

46. Had Plaintiff not requested a reasonable accommodation for her disability, Defendant would not have discharged her.

47. As a direct and proximate result of her discharge, Plaintiff suffered past and future lost wages and loss of earning capacity.

**WHEREFORE**, Plaintiff Ashley Jones respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. All back pay from April 4, 2024 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. All costs and reasonable attorney's fees; and

    d. Any other relief deemed proper and just.

## COUNT IV

### DISCRIMINATORY DISCHARGE IN VIOLATION OF 43 P.S. § 955(a), THE PENNSYLVANIA HUMAN RELATIONS ACT

48. Plaintiff incorporates by reference all preceding allegations as if the same were set forth more fully at length herein.

49. For the reasons set forth in paragraphs 24-33, above, Defendant violated the PHRA by discharging Plaintiff because of her disability.

**WHEREFORE**, Plaintiff Ashley Jones respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. All back pay from April 5, 2024 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

    c. Compensatory damages in an amount to be determined at trial;

    d. All costs and reasonable attorney's fees; and

    e. Any other relief deemed proper and just.

## COUNT V

### RETALIATORY DISCHARGE IN VIOLATION OF 43 P.S. § 955(d), THE PENNSYLVANIA HUMAN RELATIONS ACT

50. Plaintiff incorporates by reference all preceding allegations as if the same were set forth more fully at length herein.

51. For the reasons set forth in paragraphs 42-47, above, Defendant violated the PHRA by discharging Plaintiff because she requested a reasonable accommodation for her disability.

**WHEREFORE**, Plaintiff Ashley Jones respectfully requests that this Honorable Court enter judgment in her favor and against Defendant and award the following relief:

    a. All back pay from April 5, 2024 through the date of judgment, plus pre- and post-judgment interest;

    b. Front pay from the date of judgment through a date deemed equitable and just by the court;

  c.  Compensatory damages in an amount to be determined at trial;

  d.  All costs and reasonable attorney's fees; and

  e.  Any other relief deemed proper and just.

## DEMAND FOR JURY TRIAL

**PLEASE TAKE NOTICE** that Plaintiff ASHLEY JONES hereby demands a trial by jury for all claims and issues so triable.

*Respectfully Submitted*,

**MANSOUR LAW, LLC**

Dated: October 22, 2025  BY: /s/ William P. Mansour
William P. Mansour, Esquire
Pa. Attorney ID No. 318833
961 Marcon Blvd., Suite 425
Allentown, PA 18109
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Ashley Jones